HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BOBBY J. CAUDILL,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 3:12-CV-05065-RBL<br><br>ORDER GRANTING UNITED STATES' MOTION TO DISMISS |

This matter is before the Court on Defendant United States' Motion to Dismiss (Dkt. #7) under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons below, the United States' Motion is **GRANTED**.

**I. BACKGROUND**

In November, 2003, the Internal Revenue Service informed Plaintiff Caudill that it intended to impose a levy for unpaid 1999 and 2000 taxes. A year later, the IRS recorded a notice of federal tax lien against Caudill in Pierce County. On March 21, 2005, the IRS sent Caudill a final notice before applying the levy to Caudill's social security benefits. The IRS

began levying Caudill's social security benefits on June 8, 2005, and credited the payments to the unpaid tax liabilities for the 1999 tax year.

By April, 2007, the levy had paid off Caudill's tax liability for the 1999 tax year. The IRS continued to levy Caudill's social security benefits, applying the proceeds to Caudill's unpaid 2000 taxes. In March, 2009, and in September, 2011, the IRS sent Caudill a reminder notice regarding the remaining balance owed for the 2000 tax year.

On January 26, 2012, Caudill, appearing *pro se*, sued the United States, alleging that the levy on his social security benefits was unlawful.

The United States moves to dismiss Caudill's suit. It argues: (1) Caudill does not adequately allege any jurisdictional basis in his complaint; (2) Caudill fails to state a claim on which relief may be granted; (3) any claims that Caudill could have brought against the United States are barred by the limitations period; and (4) Caudill failed to exhaust administrative remedies before filing a civil action for damages, as required by Title 26 of the United States Code.

## II. DISCUSSION

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to

1  dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may
2  review any evidence to resolve factual disputes concerning the existence of jurisdiction.
3  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052
4  (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court
5  is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v.*
6  *Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated*
7  *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the
8  existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co.,*
9  *Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).
10         Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for failure to state a
11 claim upon which relief can be granted.  The Court must accept all well-pleaded allegations of
12 material fact as true and draw all reasonable inferences in favor of the plaintiff.  *Wyler Summit*
13 *P'ship v. Turner Broad. Sys.*, 135 F.3d 658, 661 (9th Cir. 1998).  Dismissal is appropriate where
14 a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face."
15 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" when the
16 party seeking relief "pleads factual content that allows the court to draw the reasonable inference
17 that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
18 (2009) (citing *Twombly*).  A complaint must contain "more than labels and conclusions, and a
19 formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555
20 (2007).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-
21 harmed-me accusation." *Iqbal*, 556 U.S. at 678.
22         The United States argues that Caudill failed to allege any jurisdictional basis for his
23 claims other than broadly stating that the case involves federal tax collection.  It asserts that
24

ORDER GRANTING UNITED STATES' MOTION
TO DISMISS - 3

because the only statutes that could provide Caudill a cause of action are barred by the statute of limitations, the Court lacks jurisdiction under Fed. R. Civ. P. 12(b)(1).

      Caudill claims the IRS unlawfully imposed a levy on his social security benefits. The only facts alleged in the complaint are that the IRS did not assess Caudill's liability before imposing the levy. Interpreting these facts in the light most favorable to Caudill, the only plausible causes of action arise under 26 U.S.C. § 7432 and § 7433 (providing for civil damages for the IRS's failure to release a lien and for certain unauthorized collection activities, respectively). The issue is whether Caudill's claims are barred by the statute of limitations..

      Both statutes require a plaintiff to bring a claim within two years after the date the right of action accrues. *See* 26 U.S.C. §§ 7432(d)(3), 7433(d)(3). The right of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7432-1(i)(2); 26 C.F.R. § 301.7433-1(g)(2). Further, the D.C. Circuit recently held that a "reasonable opportunity" to discover the IRS's alleged statutory violation exists after receiving notice of the levy. *Keohane v. United States*, 669 F.3d 325, 329 (D.C. Cir. 2012); *See also Shipley v. I.R.S.*, 05-3273, 2006 WL 497720, *1 (10th Cir. Mar. 2, 2006) (holding that a right of action accrues when the levy commences).

      The IRS sent notice of its intent to impose a levy on Caudill in November, 2003, and again in March, 2005. The IRS began levying his social security benefits on June 8, 2005. Even if Caudill did not receive theses notices, his complaint acknowledges that he knew of the IRS's collection activities since January, 2005. *See* Pl.'s Comp. at 1, 2. Caudill had a reasonable opportunity to discover the essential elements of a possible cause of action beginning in June, 2005, and thus had until June, 2007 to file a cause of action.

1     Caudill did not file until January 26, 2012.  The limitations period under §§ 7432 and

2 7433 has long expired.  Since Caudill's only plausible claims are time barred by statute, the

3 Court lacks jurisdiction over this case.

4     Accordingly, the United States' Motion to Dismiss is **GRANTED** and Plaintiff's claims

5 are DIMISSED.

6     **IT IS SO ORDERED**.

7     Dated this 15th day of June, 2012.

                                                        */s/ Ronald B. Leighton*

                                            Ronald B. Leighton
                                            United States District Judge